IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT P. HILLMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 6671 |
| | ) |
| CITY OF CHICAGO, a municipal | ) Wayne R. Andersen |
| corporation, | ) District Judge |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM, OPINION AND ORDER

This matter is before the Court on the motion of Defendant, the City of Chicago, to partially dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the following reasons, the motion to dismiss is denied.

### Background

Plaintiff, Robert P. Hillmann, worked for defendant, City of Chicago, in various positions for 29 years from June 1973 until his discharge on July 31, 2002. On February 23, 1995, Hillmann and the City entered into a settlement agreement for a prior claim of disability discrimination filed under the Illinois Human Rights Act and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Pursuant to the settlement agreement, Hillmann was assigned the position of Assistant to the Deputy Commissioner of the Bureau of Electricity in the Department of Streets and Santitation. The position carried the job title of "Chief Timekeeper." According to the complaint, the settlement agreement was entered into with the understanding that the essential job functions did not include any manual labor, heavy lifting, or activities which required repetitive and constant use of Hillmann's right arm.

In the late spring and summer of 2000, after a new Deputy Commissioner was named, Hillmann alleges his job duties radically changed and the City required him to perform numerous clerical assignments and heavy lifting of documents that were not relevant to his position. He alleges in the complaint that the handwriting, data entry and lifting involved was in breach of the settlement agreement and resulted in new physical injuries. He also alleges that, when he informed his supervisors of his medical restrictions due to his physical impairments (cervical spondylosis, multilevel disc disease, cervical radiculopathy, and brachial plexopathy), the City embarked on a series of retaliatory and malicious actions including the denial of medical treatment, transfers and demotions that culminated in his discharge on July 31, 2002.

Hillmann filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 10, 2002 and received a Right to Sue letter on September 9, 2004. He filed suit in the Circuit Court of Cook County on September 24, 2004. On October 15, 2004, the City removed the case to this Court based on Counts II and IV of the complaint alleging ADA violations. On November 29, 2004, Hillmann filed his four-count amended complaint with the Court.

In Count I, a breach of contract claim, Hillmann alleges the City breached the 1995 settlement agreement by assigning him tasks expressly prohibited in the agreement. In Counts II and III, he alleges the City violated the ADA by retaliating and discriminating against him based on his disability. In Count IV, a retaliatory discharge claim, Hillmann alleges the City violated the Illinois Workers' Compensation Act by discharging him in retaliation for filing a workers' compensation claim. Per these allegations, Hillmann is seeking monetary damages and a writ of mandamus requiring the City to reinstate his employment and benefits. Before the Court now is

2

the City's motion under Rule 12(b)(6) to dismiss Hillmann's breach of contract, retaliatory discharge, and writ of mandamus actions, and to dismiss various factual allegations contained in the ADA claims.

## Standard of Review

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiffs. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

## Discussion

### I. Breach of Contract

The City moves to dismiss Count I because it believes the Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/1-101, *et seq.*, bars plaintiff's breach of contract claim. The Tort Immunity Act provides a statute of limitations stating that "[n]o civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101. Although § 10/8-101 refers to "any" civil action, the Illinois courts have held that this provision does not apply to contract claims. *See Chicago Limousine Service, Inc. v. City of Chicago*, 781 N.E.2d 421, 425 (1st Dist. 2002); *Dewitt v. McHenry County*, 691 N.E.2d 388, 390-92 (3rd Dist. 1998). Application of § 10/8-101 has been construed narrowly, applying only to tort actions. Thus, plaintiff's breach of contract claim is not barred on this ground.

3

## II. ADA Retaliation and Discrimination Claims

The City moves to partially dismiss the portions of Counts II and III, plaintiff's ADA claims, that it alleges are beyond the scope of the original EEOC charge.

To pursue a claim under the ADA, a plaintiff must file an administrative charge with the EEOC prior to filing a claim in federal court on the same matter. The scope of a federal employment complaint is limited by the scope of the plaintiff's EEOC charge. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989). A plaintiff "may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).

In this case, Hillmann has properly alleged ADA discrimination and retaliation claims. Plaintiff's EEOC charge alleges "position elimination . . . due to . . . physical handicap" and his complaint alleges the same. Hillmann, however, also alleges in his complaint that he was denied medical benefits, demoted, and was transferred from his job – allegations that were not included in his EEOC filing. These additional allegations are not within the scope of the EEOC charge and thus, may not be considered as separate, independent ADA claims.

As a general matter, plaintiffs may state background evidentiary facts in their complaint that, although were not included in the EEOC charge, support the basis of their claim. "[T]he complaint in the civil action may properly encompass any . . . discrimination like or reasonably related to the allegations of the charge and growing out of such allegations." *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)(en banc), *cert denied*, 429 U.S. 986 (1976). In this case, we find the allegations of having been denied medical benefits, demoted, and transferred to be reasonably related and may be offered as evidence for

4

the limited purpose of supporting plaintiff's ADA claims of position elimination. Therefore, the Court denies defendant's motion to partially dismiss these counts.

### III. Retaliatory Discharge Claim

The City also moves to dismiss Hillmann's retaliatory discharge claim because it asserts the Tort Immunity Act bars such claims. The Tort Immunity Act immunizes municipalities from retaliatory discharge claims when the discharge was the result of a discretionary action by a municipal official. *Cross v. City of Chicago*, 815 N.E.2d 956, 965 (1st Dist. 2004). However, this immunity is not unlimited and does not extend to ministerial actions. *Id.* Whether an act is ministerial or discretionary is determined on a "case-by-case basis" and is "fact specific." *Hanley v. City of Chicago*, 795 N.E.2d 808, 815-16 (1st Dist. 2003). Because the facts have yet to be determined, the Court finds that, when the allegations in the complaint are viewed in a light most favorable to plaintiff, Hillmann has sufficiently stated a claim of retaliatory discharge. Defendant's motion to dismiss this claim is denied.

### IV. Writ of Mandamus

The City also moves to dismiss Hillmann's request for a writ of mandamus requiring defendant to reinstate plaintiff's employment and benefits. To obtain a writ of mandamus, there must be a clear right to the requested relief. *Orenic v. Ill. State Labor Relations Bd.*, 537 N.E.2d 784, 791 (1989). Because plaintiff's claims in this case are still at issue, we cannot say with certainty that plaintiff is not entitled to relief. Under the federal notice pleading standards, the Court finds that Hillmann has sufficiently stated a claim of retaliatory discharge. Defendant's motion to dismiss this claim is denied.

## Conclusion

For the foregoing reasons, defendant's motion to partially dismiss plaintiff's amended complaint (docket # 8) is denied. It is so ordered.

/s/ Wayne R. Andersen
Wayne R. Andersen
United States District Judge

Dated: July 20, 2005