# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT P. HILLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 6671 |
| | ) |
| CITY OF CHICAGO, et al., | ) Wayne R. Andersen |
| | ) District Judge |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Defendant Laborers' Local 1001 (the "Union") to dismiss Plaintiff's Third Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, the motion is granted.

Despite a rather lengthy procedural history in this case, the Union was not made a party to this litigation until Plaintiff recently filed his Third Amended Complaint ("Complaint"). In the Complaint, Plaintiff mentions the Union only once and fails to set forth the nature of his relationship with the Union and the Union's connection to the claims alleged. requested. Specifically, Plaintiff has failed to plead the existence of any relationship, contractual or otherwise, between him and the Union, whereby the Union would be a party from whom relief should be obtained.

Although courts should accept as true all well-plead allegations, as well as inferences that may be reasonably drawn from same, a complaint must at least set out facts sufficient to outline the basis of the claim. *Panares v. Liquid Carbonic Industries Corp.*, 74 F.3d 786, 792 (7th Cir.1996). This requirement cannot be evaded by ascribing a bare legal conclusion to facts narrated. *Id.* A complaint that consists of conclusory allegations unsupported by factual

assertions falls short of even the liberal standards of Rule 12(b)(6). *Id.* Courts need not strain to find inferences favorable to plaintiffs which are not apparent on the face of the complaint. *Coates v. Illinois State Bd. of Ed,* 559 F.2d 445, 447 (7th Cir. 1977). Courts are likewise not required to accept legal conclusions alleged or inferred from the facts plead in the complaint. *Nelson v. Monroe Regional Medical Center,* 925 F.2d 1555, 1559 (7th Cir. 1991); *Barrett v. Poag & McEwen Lifestyle Centers-Deer Park Town Center, LLC,* 1999 WL 691850, at *2 (N.D. Ill., August 26, 1999).

In this case, Plaintiff's failure to specifically set forth the nature of his relationship with the Union and the Union's connection to the relief requested necessitates dismissal of Plaintiff's Complaint as to the Union. Although it appears that the Union's alleged involvement in this case stems from the collective bargaining agreement it has with the City, Plaintiff has merely attached a legal conclusion to his belief that the Union is a party through whom some of his requested relief must be obtained. If Plaintiff prevails in his case against the City, the provisions of the collective bargaining agreement would govern Plaintiff's employment status with the City. No separate approval from the Union is necessary to effectuate a judgment in Plaintiff's favor. These facial deficiencies in Plaintiff's Complaint constitute a failure to state a claim upon which relief can be granted against the Union.

Moreover, involving the Union in this case and requiring it to participate and defend in this litigation seems premature and unnecessary. In the event that Plaintiff ultimately obtains a judgment from the City, we will revisit this issue to determine if the Union's presence in the lawsuit is necessary to effectuate relief.

For these reasons, we grant the Union's Fed.R.Civ.P. 12(b)(6) motion to dismiss Plaintiff's Third Amended Complaint. (# 150). If the Union's involvement in this case is

necessitated by a judgment rendered in favor of Plaintiff against the City, that issue can be revisited at a later date.

It is so ordered.

                                        _____
                                        Wayne R. Andersen
                                        United States District Court

Dated: September 25, 2007