IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ROBERT P. HILLMAN, | ) |
| :--- | :--- |
| Plaintiff, | ) |
| v. | ) No. 04 C 6671 |
| CITY OF CHICAGO, | ) Wayne R. Andersen |
| | ) District Judge |
| Defendant. | ) |

**MEMORANDUM, OPINION AND ORDER**

This case is before the Court on the motion in limine of the Defendant City of Chicago ("the City") to bar Plaintiff from recovering back pay or front pay after September 4, 2002. For the following reasons, the motion in limine is granted.

**BACKGROUND**

Plaintiff seeks to recover $1.8 million in alleged lost back pay and front pay for the period of August 1, 2002 to 2018. In 2000 and 2001, before he filed the present lawsuit, Plaintiff initiated proceedings before the Illinois Workers Compensation Commission ("the IWCC"). On April 13, 2007, a hearing on Plaintiff's workers compensation claims was held before the Hon. Gilberto Galicia, Arbitrator of the IWCC. At that hearing, oral and documentary evidence was presented. Plaintiff testified at the IWCC proceedings and stated that his physician, Dr. Gonzalez, informed him that as of September 4, 2002, he was totally disabled from any gainful employment. Plaintiff also presented deposition testimony of Dr. Gonzalez, taken in the instant federal action, indicating that as of September 4, 2002, Plaintiff is totally and permanently disabled from gainful employment. In addition, Plaintiff presented exhibits indicating that, in

Dr. Robertson's medical opinion, Plaintiff was permanently and totally disabled from any type of work, even the most sedentary.

Relying on the evidence Plaintiff provided from Dr. Gonzalez and Dr. Robertson, Arbitrator Galacia found that Plaintiff "is medically permanently and totally disabled from any form of gainful employment as of September 4, 2002." As a result, Arbitrator Galacia awarded Plaintiff $716.86 per week in permanent total disability benefits for life, beginning on September 4, 2002. On December 4, 2007, the IWCC affirmed and adopted Arbitrator Galacia's decision and award in its entirety.

In its motion in limine before this Court, the City claims that Plaintiff cannot recover in this federal action any back pay or front pay from September 4, 2002, forward, the period during which Plaintiff represented to the IWCC, and the IWCC found, that he is totally and permanently unable to perform work of any kind.

## DISCUSSION

The question of whether a plaintiff is entitled to back pay is an equitable issue for this Court to decide. Thompson v. Altheimer & Gray, No. 96 C 4319, 2001 WL 1618717, at * 2 (N.D. Ill. Dec. 18, 2001). Likewise, the question of whether a plaintiff is entitled to front pay is an equitable issue for this Court to decide. Flaherty v. Marchard, 284 F. Supp.2d 1056, 1068 (N.D. Ill. 2003). Front pay is designed to compensate a "plaintiff for lost earnings from [his] job, for as long as [he] could have expected to hold the job." Id. at 1068. The Court should make its decision as to whether to award a plaintiff lost wages based on what is just under the circumstances. Flowers v. Komatsu Mining Systems, Inc., 165 F.3d 554, 557 (7th Cir. 1999).

The doctrine of judicial estoppel may bar a plaintiff from seeking economic damages. Brown v. National Railroad Passenger Corp., No. 86 C 10284, 1990 WL 119558, at * 4 (N.D. Ill. Aug. 14, 1990). It applies to a party who has successfully taken a position in one proceeding and tries to take an inconsistent position in another proceeding. Brown 1990 WL 119558 at * 4. In order to invoke judicial estoppel, (1) the two contradictory positions must be asserted by the same party; (2) the positions must be asserted in judicial or quasi judicial administrative proceedings; (3) the record must reflect that the party intended the triers of fact to accept the facts underlying the contradictory representations; (4) the party asserting that position must have successfully asserted it and received a benefit from doing so in the first proceeding; and (5) the two positions must actually be contradictory. Id. at * 5.

Courts in this jurisdiction have consistently applied judicial estoppel to bar the recovery of alleged lost wages when the plaintiff has represented in administrative proceedings that he is totally disabled from doing any work and thereby received an award of disability benefits. In the case of Best v. Shell Oil Co., 4 F. Supp.2d 770 (N.D. Ill. 1998), after a jury trial on a claim under the Americans with Disabilities Act, the plaintiff moved for an award of certain benefits, including back pay. Id. at 771. The defendant-employer argued that the plaintiff should not recover back pay from October 21, 1992 through October 21, 1993, because the plaintiff represented that he was totally disabled and unable to work during that period in a workers' compensation proceeding. Id. at 772. The court in Best found that the plaintiff was judicially estopped and could not recover back pay for a period during which he represented to the IWCC that he was incapable of working. Id. at 772-73. See also Flowers, 165 F.3d at 557-58 (remanding trial court's award of back pay to reduce for periods when plaintiff's claimed total disability resulted in benefits awarded by the Social Security Administration); Brown, 1990 WL

119558, at * 4-7 (granting summary judgment against plaintiff on his claims that were premised on his ability to work, including all claims for back pay, when plaintiff represented at the Social Security Administration and the Railroad Retirement Board that he could no longer work at any job and consequently received disability benefits). See also Brotherhood of Railroad Signalmen v. Louisville & Nashville Railroad Co., 688 F.2d 535, 537 (7th Cir. 1982) ("We find it anomalous that an employee can claim to be permanently and totally disabled, obtain a certification to that effect, and collect sickness and disability payments and, at the same time, seek his employer to reinstate him to his former position with back pay for time lost.").

For the same reasons, Plaintiff in this case is judicially estopped and barred from recovering back pay or front pay from September 4, 2002, forward. All of the elements of judicial estoppel are satisfied here. First, Plaintiff took two different positions. At the IWCC, in a quasi judicial proceeding, he sought disability benefits and took the position that medically he could no longer work at any job. Plaintiff clearly intended that the IWCC accept that position, which he supported through statements from medical doctors. Moreover, Plaintiff was successful in asserting that position, as the IWCC awarded him total and permanent disability benefits for life, starting September 4, 2002. Plaintiff's second position in the present federal lawsuit that he should receive back pay and front pay for the period September 4, 2002 and beyond is inconsistent and irreconcilable with his position at the IWCC that as of that date he has been totally and permanently disabled from engaging in any gainful employment. Plaintiff should not be allowed to repeatedly receive financial gain from the same condition. See Brown, 1990 WL 119558, at *4.

## CONCLUSION

For these reasons, Defendant City of Chicago's motion in limine is granted. (#206)

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: December 23, 2008