UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ROBERT P. HILLMANN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 04 C 6671 |
| v. | ) | |
| | ) | Judge Ruben Castillo |
| CITY OF CHICAGO, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robert Hillmann, and Defendant City of Chicago ("City"), have each moved to compel John Sullivan and Jack Drumgould (collectively, "Deponents") to respond to substantive deposition questions to which Sullivan and Drumgould invoked the Fifth Amendment. For the reasons set forth herein, the motions are granted.

**BACKGROUND[1]**

In 2005, Deponents worked for the City and were indicted on charges related to a political hiring scheme in the Department of Streets and Sanitation. (R. 389, Def.'s Mot. to Compel Sullivan ¶ 4; R. 396, Def.'s Mot. to Compel Drumgould ¶ 4.) In 2006, Sullivan was convicted of giving a material, false statement to the FBI in connection with the "corrupt and far-reaching scheme." *See United States v. Sorich*, 523 F.3d 702, 705-06 (7th Cir. 2008). Drumgould was granted immunity by federal prosecutors and testified as a witness at that trial. (R. 396, Def.'s Mot. to Compel Drumgould ¶ 4.)

---

[1] This case has a long and arduous history. The underlying facts have already been set forth in prior opinions. *See* Hillmann v. City of Chi., 04 C 6671, 2005 WL 1766367, at *1 (N.D. Ill. July 20, 2005); *Hillmann v. City of Chi.*, 04C6671, 2007 WL 2827806, at *1-*3 (N.D. Ill. Sept. 26, 2007). Accordingly, only facts and procedural history relevant to the instant motions will be discussed here.

In the present case, Hillmann asserts various state and federal law claims related to the termination of his employment with the City. (R. 125, Third Am. Compl.) On October 18, 2012, Sullivan was deposed by Hillmann and the City in the present case. (R. 387, Pl.'s Mot. to Compel Sullivan ¶ 1.) Sullivan asserted his Fifth Amendment right against self-incrimination and refused to answer every substantive question he was asked. (R. 387, Pl.'s Mot. to Compel Sullivan, Ex. A, Tr. Sullivan Dep.) On November 13, 2012, Drumgould was deposed by Hillmann and the City. (R. 409, Pl.'s Mot. to Compel Drumgould ¶ 1.) Drumgould also asserted his Fifth Amendment right against self-incrimination and refused to answer every substantive question he was asked. (R. 409, Pl.'s Mot. to Compel Drumgould, Ex. A, Tr. Drumgould Dep.) Deponents argue that the deposition questions seek to link them to conspiracies that might result in future criminal prosecutions. (R. 422, Sullivan's Resp. at 2-3; R. 423, Drumgould's Resp. ¶¶ 6-7.) Drumgould also argues that if he were compelled to answer the deposition questions posed and his answers were found to be inconsistent with his prior immunized testimony, he would then be vulnerable to a perjury prosecution and would face waiver issues. (R. 423, Drumgould's Resp. ¶¶ 8-9.)

## LEGAL STANDARD

The Fifth Amendment privilege against compelled self-incrimination "must be accorded liberal construction." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). The privilege "not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *Id.* The right to assert the Fifth Amendment privilege depends upon the possibility, not the likelihood of prosecution. *In re Folding Carton Antitrust Litig.*, 609 F.2d 867, 872 (7th Cir. 1979) (per curiam). A witness is not required to

prove the possibility of prosecution, so whenever "there is any basis for a prosecution, the Fifth Amendment protection applies." *In re Corrugated Container Antitrust Litig.*, 661 F.2d 1145, 1152 (7th Cir. 1981), *aff'd sub nom. Pillsbury Co. v. Conboy*, 459 U.S. 248 (1983). The possibility of prosecution is foreclosed only by the existence of an absolute bar to prosecution as indicated by a statute of limitations, immunity, or double jeopardy. *Folding Carton*, 609 F.2d at 872. "[T]o the extent any doubt exists regarding the validity of the claimed Fifth Amendment privilege, the benefit of that doubt must go to the witness asserting the privilege." *Corrugated Container*, 661 F.2d at 1151. A court must determine whether claims of privilege are valid on a question-by-question basis. *Folding Carton*, 609 F.2d at 873 (quoting *Rogers v. United States*, 340 U.S. 367, 374 (1951)). This inquiry should focus "on what a truthful answer might disclose, rather than on what information is expected by the questioner." *Zicarelli v. NJ State Comm'n of Investigation*, 406 U.S. 472, 480 (1972).

## ANALYSIS

Hillmann and the City argue that Deponents have asserted the Fifth Amendment too broadly. (R. 427, Pl.'s Reply to Sullivan at 1-2; R. 428, Def.'s Reply to Sullivan at 1-5; R. 426, Pl.'s Reply to Drumgould at 1-2; R. 429, Def.'s Reply to Drumgould at 1-5.) They contend that many of the deposition questions do not create any reasonable link to potential criminal prosecutions. (R. 428, Def.'s Reply to Sullivan at 2-3; R. 429, Def.'s Reply to Drumgould at 2-3.) The City contends that even if Deponents' answers to the deposition questions could have potentially led to prosecution, the present invocation of the Fifth Amendment is improper because the five-year statute of limitations for any criminal prosecution has run. (R. 428, Def.'s Reply to Sullivan at 2-5; R. 429, Def.'s Reply to Drumgould at 4-5.) Hillmann and the City urge the Court to determine whether Deponents have valid bases to assert the privilege for each

question they are asked. (R. 427, Pl.'s Reply to Sullivan at 2-5; R. 428, Def.'s Reply to Sullivan at 2; R. 426, Pl.'s Reply to Drumgould at 2-5; R. 429, Def.'s Reply to Drumgould at 6.)

Deponents claim that the deposition questions to which they declined to respond all relate to their employment with the City and actions they allegedly took as City employees. (R. 422, Sullivan's Resp. at 2; R. 423, Drumgould's Resp. ¶ 6.) Sullivan argues that the deposition questions seek to link him to various conspiracies, including: an alleged conspiracy to illegally terminate Hillmann because of a disability and in retaliation for a worker's compensation claim; an alleged conspiracy to commit fraud to cover up the true reasons for Hillmann's termination; a conspiracy by City employees to alter documents related to employment claims; a conspiracy to cover up ghost payrolling; and other similar conspiracies. (R. 422, Sullivan's Resp. at 3.) Sullivan contends that "the broad scope of mail fraud prosecution," as exemplified in *Sorich*, provides a basis for potential prosecution. (*Id*. at 3-4.) Drumgould argues that he does not have the burden of proving a basis of possible prosecution, but points out that his employment and some of the actions he took during that employment have already formed a basis for criminal prosecution. (R. 423, Drumgould's Resp. ¶¶ 5-6.) He contends that in addition to possible conspiracy and mail fraud prosecutions, his deposition responses could also create the possibility of a perjury prosecution if his answers are inconsistent with his prior immunized testimony. (*Id.* ¶ 8.) He also argues that he would face the possibility of waiver of his privilege if his answers vary at all from his prior immunized testimony. (*Id*. ¶ 9.)

With respect to any bars to prosecution, Sullivan argues that the deposition questions here relate to a possible firing scheme, so his previous conviction, which was related to a *hiring* scheme, does not constitute a double jeopardy bar to subsequent prosecutions. (R. 422, Sullivan's Resp. at 6-7.) Additionally, Deponents argue that the five-year statute of limitations

does not provide a bar because statutes of limitations are broadly construed in conspiracy theories to allow prosecution of any defendant whose co-conspirator has acted within the limitations period. (*Id.* at 7-10; R. 423, Drumgould's Resp. ¶ 7.) Here, Sullivan contends, one of their alleged co-conspirators still works for the City and may have acted in furtherance of the conspiracy within the previous five years. (R. 422, Sullivan's Resp. at 10.) Thus, Deponents allege that they remain vulnerable to prosecutions for ongoing conspiracies.

Although the Court does not find it probable, especially given the age of the case, that Deponents will be the targets of the type of conspiracy prosecutions they imagine, "any possibility of prosecution which is more than fanciful" is "sufficient to meet constitutional muster" and sustain invocation of the Fifth Amendment. *Folding Carton*, 609 F.2d at 871. Sullivan has demonstrated a greater than fanciful possibility of prosecutions under RICO, forgery conspiracies, or mail fraud conspiracies, and Drumgould has demonstrated a plausible possibility of perjury prosecution. Neither Hillmann nor the City has suggested that an absolute bar to the prosecution of Sullivan or Drumgould exists. As Sullivan points out, the statute of limitations is no high bar to prosecution for engaging in an ongoing conspiracy. *See Smith v. United States*, 11-8976, 2013 WL 85299, at *3, --- S.Ct. --- (U.S. Jan. 9, 2013) (holding that a defendant has the burden to prove both that he withdrew from a conspiracy and that his withdrawal was outside the statute of limitations period). Thus, the Court finds that Deponents' deposition testimonies may expose them to a small but real danger of prosecution, and that therefore some of their assertions of the Fifth Amendment may indeed be reasonable.

Nevertheless, a blanket invocation of the Fifth Amendment is not proper. *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 663-64 (7th Cir. 2002); *see also Folding Carton*, 609 F.2d at 872-73. "Some nexus between the risk of criminal conviction and the

information requested must exist." *Martin-Trigona v. Gouletas*, 634 F.2d 354, 360 (7th Cir. 1980). A witness must "tender some credible reason why a response would pose a real danger of incrimination, not a remote and speculative possibility." *Id.* (citing *Zicarelli*, 406 U.S. at 478). Many of the questions Deponents declined to answer were basic factual questions concerning the timeframe in which they worked at the City. (*See, e.g.*, R. 387, Pl.'s Mot. to Compel Sullivan, Ex. A, Tr. Sullivan Dep. at 5:14-15, 5:20, 6:1-3; R. 409, Pl.'s Mot. to Compel Drumgould, Ex. A, Tr. Drumgould Dep. at 8:5-7, 44:14-15, 86:24-87:2.) Other questions were directly related to the subject of the present litigation and had no link to the possibilities of prosecution that Deponents suggest. (*See, e.g.*, R. 387, Pl.'s Mot. to Compel Sullivan, Ex. A, Tr. Sullivan Dep. at 10:12-16, 10:21-24, 13:6-8, 14:3-6; R. 409, Pl.'s Mot. to Compel Drumgould, Ex. A, Tr. Drumgould Dep. at 29:19-21, 97:6-9, 116:21-24.) Deponents' respective blanket invocations of the Fifth Amendment are improper, and Deponents are directed to answer every question except those to which a truthful answer will realistically expose them to a danger of prosecution. *See Zicarelli*, 406 U.S. at 478-80; *High Fructose Corn Syrup*, 295 F.3d at 663-64. To those questions, Deponents are required to explain, to the extent they can without exposing themselves to the possibilities of the prosecution they are attempting to avoid, how their answers may subject them to further prosecution. The Court will then make a question-by-question judgment as to whether each disputed question calls for "testimony which could provide a link in the chain of evidence needed in a subsequent prosecution." *Folding Carton*, 609 F.2d at 873.

## CONCLUSION

For the foregoing reasons, Hillmann's motions to compel John Sullivan (R. 387) and Jack Drumgould (R. 409) are GRANTED, and the City's motions to compel John Sullivan (R. 389) and Jack Drumgould (R. 396) are GRANTED. Deponents are directed to submit to their

depositions and to assert the privilege against self-incrimination only when warranted. When they invoke the Fifth Amendment, Deponents are required to suggest a theory which supports their claims of privilege with respect to the question asked and identifies the law or statute under which they may face prosecution.

ENTERED: _____
Judge Ruben Castillo
United States District Court

Dated: January 17, 2013