**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| ROBERT HILLMANN, | ) | | |
| Plaintiff, | ) | 04 C 6671 | |
| | ) | | |
| v. | ) | Judge Castillo | |
| | ) | | |
| CITY OF CHICAGO, | ) | | |
| Defendant. | ) | | |

**DEFENDANT CITY OF CHICAGO'S RESPONSE MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S BILL OF COSTS**

Defendant, City of Chicago ("the City"), submits this response memorandum in opposition to Plaintiff Robert Hillmann's Bill of Costs.

**INTRODUCTION**

On October 7, 2014, this Court entered judgment in favor of Plaintiff based on the Plaintiff's Acceptance of the Modified Remittitur. Docket Entry and Judgment (Document No. 552). While Federal Rule of Civil Procedure 54(d), Local Rule 54.1, and 28 U.S.C. §1920 entitle the prevailing party to recover the costs that were reasonably and necessarily expended in the lawsuit, those costs must be assessed in accordance with the applicable rules. The City disputes that Plaintiff is entitled to the award of deposition transcript costs that were not properly itemized and/or were taxed at a rate that exceeds the maximum rate allowed by the Judicial Conference of the United States Courts. Also, the City disputes that Plaintiff is entitled to costs for both videotapes and transcripts of depositions. Accordingly, the City seeks a reduction of Plaintiff's deposition transcript costs in the amount of $18,764.94.

**STANDARD FOR AWARDING COSTS**

When reviewing a bill of costs, "[a] district court simply needs to determine that expenses are allowable cost items, and that the amounts are reasonable and necessary." *Deimer v. Cincinnati Sub-Zero Prod., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). The party seeking to recover the costs bears the burden to demonstrate that their costs are allowable under the applicable rules. *Id.*

**ARGUMENT**

A.     **Deposition Transcript Costs That Are Not Itemized or Exceed the Maximum Allowable Rate Are Not Recoverable**.

Plaintiff seeks to recover $31,162.39 in court[1] and deposition transcript costs. Courts have broad discretion to strike in whole or in part transcript and copying costs where the party fails to document the per page rate. *See Hakim v. Accenture U.S. Pension Plan*, 901 F. Supp. 2d 1045, 1056-57 (N.D. Ill. 2012); *see also Alexander v. CIT Tech. Fin. Servs.*, 222 F. Supp. 2d 1087, 1089-90 (N.D. Ill. 2002). "[W]here a party seeking costs fails to provide specific information relating to the hourly charges of the court reporter or the number of pages in a requested transcript, no costs will be awarded. Without this type of information, it is impossible for the Court to determine whether specific costs are reasonable and necessary." *Glenayre Electronics, Inc. v. Jackson*, No. 02 C 0256, 2003 WL 21947112, at *2 (N.D. Ill. Aug. 11, 2003) (Leinenweber, J.) (Unpublished decisions attached hereto as Group Exhibit A). Moreover, deposition transcript costs must be taxed in accordance with the rates allowed for depositions by the Judicial Conference of the United States Courts pursuant to 28 U.S.C. § 1783. See Local

---

[1]The court transcripts were properly taxed and itemized in accordance with the local rules.

Rule 54.1 (stating that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States"); United States District Court, Northern District of Illinois, Maximum Transcript Costs, Ordinary Transcript, http://www.ilnd.uscourts.gov/home/ CLERKS_OFFICE/CrtReporter/trnscrpt.htm. Those maximum allowable rates in 2005 and 2006 were as follows: original ($3.30) and copies ($.83). From 2007 to the present, the rates are as follows: original ($3.65) and copies ($.90). Therefore, any of plaintiff's deposition costs that exceed those rates during the applicable time period and/or were not itemized are not recoverable.

In his itemization, Plaintiff provides the total transcript cost of each deposition transcript; yet, his documentation fails to include the itemized per page cost for the depositions of William Bresnahan, Catharine Hennessy, Jack Drumgould, Gualberto Lopez, Hugh Donlan, Russ Carlson, Robert Serafin, Steve Morales, Wiley Krapf, A. Russell Baggett, Glenn Carr, James Heffernan, Peter Peso, Patrick Slattery, Paul White. Additionally, the total cost for the deposition transcripts of Robert Hillmann, Dr. Damon Arnold, Dr. Michael Gonzales, Dr. Lawrence DeBrock, and Jack Drumgould (taken in November 2012) should be reduced because the per page rate of $2.45 for transcript copies exceeds the maximum allowed by the local rules. Thus, Plaintiff should not be awarded the $13,408.00 in costs for those deposition transcripts without any per page itemization, and the costs for transcripts with per page itemization should be reduced by $2,192.94, to comport with the maximum rate allowed by 28 U.S.C. § 753. For those reasons, plaintiff's transcript costs should be reduced by $15,600.94. *See Hakim*, 901 F. Supp. 2d at 1056-57.

**B**.        **Videotaped Deposition Costs Are Not Recoverable**

Plaintiff seeks the costs of the videotaped depositions of Catharine Hennessy and Dr.

Michael Gonzales, as well as the stenographic transcripts for those depositions.  The costs for

both the videotapes and the transcripts are not recoverable where the plaintiff fails to show that

both were reasonable and necessary.  *See SP Tech., LLC v. Garmin Int'l, Inc.*, No. 08 C 3248,

2014 WL 300987, at *5 (N.D. Ill. Jan. 10, 2014) (Pallmeyer, J.).  Therefore, Plaintiff should not

be awarded the $3,164.00 in costs for the videotaped depositions.

### CONCLUSION

**WHEREFORE**, the City respectfully requests that the deposition transcript costs set

forth in Plaintiff's Bill of Costs and Itemization be reduced by the amount of $18,764.94.

**DATED:** October 22, 2014

                                                Respectfully submitted,

                                                STEPHEN R. PATTON
                                                Corporation Counsel of the City of Chicago

               By:     s/ *Melanie Patrick Neely*
                                  MELANIE PATRICK NEELY
                                  Assistant Corporation Counsel
                                  DEJA C. NAVE
                                  Senior Counsel

Employment Litigation Division
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-5453/5122