20,000/8847

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT P. HILLMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 6671 |
| | ) | |
| | ) | Judge Ruben Castillo |
| CITY OF CHICAGO, a Municipal | ) | |
| Corporation, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF ROBERT HILLMANN'S REPLY
### IN SUPPORT OF HIS BILL OF COSTS

The Plaintiff, ROBERT HILLMAN, by and through one of his attorneys, and for his Reply in Support of his Bill of Costs, states as follows:

### INTRODUCTION

This Court granted Plaintiff's Motion to Reconsider the Judgment with respect to Set-Off on September 4, 2014, and Plaintiff accepted this Court's Modified Remittitur on September 9, 2014, reducing the jury verdict by $400,000.00. Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, Plaintiff filed his Bill of Costs with Supporting Memorandum and Supporting Documentation on September 18, 2014. Defendant City of Chicago filed a response on October 22, 2014 contending that Plaintiff is not entitled to its deposition transcript costs because the page numbers were not listed in the supporting

1

documentation and that Plaintiff is not entitled to both video and transcript costs for certain depositions. Plaintiff notes that Defendant has not challenged any of Plaintiff's Bill of Costs other than deposition transcripts. In reply, Plaintiff provides the page numbers for each deposition challenged by Defendant. Additionally, Plaintiff asserts that both videotape and transcript copies of the depositions of Dr. Gonzales and Catharine Hennessy were reasonably necessary, so these costs are recoverable.

## ARGUMENT

### A. Plaintiff is Entitled to Cure Defendant's Objection to the Itemization of Per Page Deposition Costs

Deposition costs are recoverable as a "stenographic transcript" under 28 U.S.C. § 1920(2); *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 454 (7th Cir. 1998). Costs for any deposition "reasonably necessary" at the time of the deposition are recoverable by the prevailing party. *Trading Technologies Intern., Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 975 (N.D. Ill. 2010). The Court uses the total number of pages and the price per page to determine if deposition costs are reasonable. *Hakim v. Accenture U.S. Pension Plan*, 901 F. Supp. 2d 1045, 1056 (N.D. Ill. 2012).

Frequently, in the pursuit of costs under Federal Rule of Civil Procedure 54(d), the party opposing costs raises an objection that the prevailing party has the information to successfully counter. In these circumstances, courts allow the prevailing party an opportunity to supplement, or "cure," its Bill of Costs in order to address the opposing party's objections. For example, a Plaintiff was allowed to

2

supplement its Bill of Costs material in response to the Defendant's objections to a lack of detail with respect to deposition costs. *Shanklin Corp. v. American Packaging Machinery, Inc.*, No. 95-1617, 2006 WL 2054382, at *3 (N.D. Ill. July 18, 2006). *See also Life Plans, Inc. v. Security Life of Denver Insurance Company*, No. 11-8449, 2014 WL 2879881, at *4 (N.D. Ill. June 25, 2014) (allowing prevailing party to supplement its Bill of Costs in response to opposing party's objections).

Here, Plaintiff has material to supplement his initial filing in order to counter Defendant's objections. (Amended Bill of Costs Itemization, Costs for Transcripts portion, attached as Exhibit A). This supplement clearly indicates the page count and cost per page of the depositions challenged in Defendant's Response.[1] It should be noted that the court reporters used by both parties charged more than the statutory maximum, but Plaintiff has requested only the statutory maximum in his Amended Bill of Costs. This results in a reduction of costs requested on these depositions by $4,325.65. Plaintiff also accepts Defendant's reduction of $2,192.94 for the costs of other depositions in which the court reporter charged in excess of the statutory maximum. As a result, Plaintiff's request in the category of Costs for Transcripts is reduced from $31,162.69 to $24,644.10, for a total reduction of $6,518.59. As this is the only category challenged by Defendant, the total costs requested by Plaintiff are reduced by a corresponding $6,518.59, for a total requested of $75,446.26.

---

[1] As part of its Amended Bill of Costs Itemization, Plaintiff also corrects an entry in the Costs for Copying section inadvertently marked as 1/07/16 to the correct date of 1/07/06. Defendant has not challenged this cost on the basis of the aforementioned scrivener's error.

This information provides a sufficient basis for this Court to award transcript costs for the challenged depositions. *See Hakim*, 901 F. Supp. 2d at 1056. Plaintiff notes that the only basis for Defendant's challenge is the lack of sufficient detail. Just as the courts in *Shanklin* and *Life Plans, Inc.,* considered the prevailing party's supplement in response to the opposing party's objections, Plaintiff requests that this Court accept his Amended Bill of Costs Itemization and award deposition transcript costs for the transcripts challenged by Defendant as lacking sufficient detail.

      B. Plaintiff is Entitled to Costs for Both Videotape and Transcript Copies of the Depositions of Dr. Michael Gonzales and Catharine Hennessy, as they were Reasonably Necessary

The Seventh Circuit permits the costs of both videotaped and transcribed depositions to be awarded to the prevailing party. *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 702 (7th Cir. 2007). Both costs may be recovered if they are reasonably necessary "in light of the facts known at the time of the deposition, without regard to intervening developments that render the deposition unneeded for further use." *Mother and Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003).

      1. Costs for both a videotape and a written transcript of the deposition of Dr. Michael Gonzales were reasonably necessary because Dr. Gonzales was located in North Dakota and Plaintiff was unsure if he would be available for trial.

The possibility that a witness may be unavailable at trial is a reasonable basis for requesting both videotape and transcript costs of a deposition. The prevailing party may be permitted to recover costs for videotaped depositions and

stenographic transcripts when the witnesses were non-parties, and it was reasonably possible that they might not be available at trial. *Vito & Nick's, Inc. v. Barraco*, No. 05-2764, 2008 WL 4594347, at \*3 (N.D. Ill. Oct. 10, 2008); *Fairley v. Andrews*, No. 03-5207, 2008 WL 961592, at \*11 (N.D. Ill. April 8, 2008).

Here, the parties deposed Plaintiff's treating physician, Dr. Michael Gonzales, in his state of residence, North Dakota. At the time of his deposition, it was obvious to all parties both that Dr. Gonzales was a nonparty and that he was located a rather long distance from Chicago, Illinois. Accordingly, there was a reasonable possibility that Dr. Gonzales would be unavailable for trial. Additionally, doctors are frequently unavailable, even when located closer to the trial venue, due to the nature of the practice of medicine.

The fact that Dr. Gonzales was ultimately available to testify at trial is irrelevant to whether Plaintiff is entitled to recover these costs. The reasonable necessity of costs incurred with a deposition is determined at the time of the deposition, not with the benefit of hindsight once it is clear that the witness is available to testified at trial. *See Mother and Father*, 338 F.3d at 712. At the time of Dr. Gonzales' deposition, it was not certain that he would be available to testify. Because he was a nonparty witness located outside the subpoena power of the Northern District of Illinois, it was reasonably necessary at the time of the deposition to capture it on a video recording as well as by stenographic transcription. Accordingly, Plaintiff is entitled to recover the cost of both methods.

2. Costs for both a videotape and a written transcript of the deposition of Catharine Hennessy were reasonably necessary because Plaintiff anticipated using the videotape to emphasize a serious lack of credibility

Although costs for both video recordings and stenographic transcripts are most frequently awarded in the context of a potentially unavailable witness, the concept of "reasonably necessary" is not limited to this situation. *See Chicago Board Options Exchange, Inc. v. International Securities Exchange, LLC*, No. 07-623, 2014 WL 125937, at *4 (N.D. Ill. Jan. 14, 2014) (acknowledging that the prevailing party may have been entitled to recover costs of both video recordings and stenographic transcripts if it had sufficiently justified why both costs were necessary). Impeachment of a particular witness may be sufficient grounds to deem a deposition reasonably necessary. *Perry v. City of Chicago*, No. 08-4730, 2011 WL 612342, at *5 (N.D. Ill. Feb. 15, 2011). It may be insufficient to request video recording and stenographic transcripts for the deposition of every plaintiff for the purposes of demonstrating "plaintiffs' credibility and demeanor during their deposition testimony" when the circumstances do not make this necessary. *Loomis v. Exelon Corp.*, No. 06-4900, 2010 WL 1005037, at *2 (N.D. Ill. March 11, 2010).

That said, when there are serious credibility issues with a witness holding an important status, it can be reasonably necessary to request costs for a video recording and a stenographic transcript. In *Top Tobacco, L. v. North Atlantic Operating Company, Inc.*, 2007 WL 1149220, at *7 (N.D. Ill. April 17, 2007), the court determined that it was reasonable and necessary to assess costs for both the video recording and the stenographic transcript of the deposition of Donald Levin,

the chairman of Top Tobacco. The court offered the following comments regarding Levin's testimony: "[Levin's deposition testimony] further illustrates Top Tobacco's apparent willingness to say whatever it believes suits it at the time," "The Court reviewed the testimony on video and could hardly believe that Levin gave the following testimony with a completely straight face," and "Levin's testimony is absurd." *Id.* at *5. While it acknowledged that impeachment is not "always" a justification for allowing both video recording and stenographic transcript costs, the Court granted both costs for Levin's deposition, stating:

> The videotape of Levin's deposition was not merely useful for impeachment; with the videotape in its arsenal, North Atlantic likely would have eviscerated Levin at trial. Because Levin is Top Tobacco's chairman, it is hard to overestimate the potential impact of the videotape on a jury.

*Id.* at *7.

Plaintiff's justification for the videotaped deposition of Catharine Hennessy is akin to the justification awarding both costs for the deposition transcript and videotaped record of Donald Levin in *Top Tobacco*. This Court noted that Hennessy was antagonistic on the witness stand and repeatedly impeached at trial. *See* Doc. # 539 at pp. 53, 66. Moreover, in Hennessy's first deposition, it became abundantly clear that there were serious issues with her credibility. Like Donald Levin in *Top Tobacco*, Hennessy held an important position with the City of Chicago: a licensed attorney in the State of Illinois working as an Assistant Commissioner in the Department of Streets and Sanitation, as their labor attorney. In Hennessy's first deposition, there were several indications that Hennessy's testimony was not

credible, and Plaintiff decided that the second deposition of Hennessy should be video recorded.

Accordingly, at the time Hennessy's second deposition was taken, it was reasonably necessary for Plaintiff to have both a video recording and a stenographic transcript. Additionally, prior to Hennessy's second deposition, Plaintiff was aware that the court in *Dillard v. City of Chicago,* entered sanctions in favor of the Plaintiff because Hennessy signed an affidavit stating while the City had produced different RIF lists in Hillmann and Dillard that the discrepancy had occurred because Dillard's name would not appear on any July 2002 RIF lists in *Hillmann* because she was laid off in May 2002. (*See Dillard v. City of Chicago,* 03 -cv- 594, doc. entry # 99, at November 3, 2005, attached as Ex. B; *see also* Doc. entry # 96, Motion for Sanctions, ¶¶ 8-11, attached as Ex. C.) Although Magistrate Schenkier had denied Dillard's first motion for sanctions, he granted Dillard's second motion for sanctions when it was subsequently discovered by Dillard's attorney that the July 2002 RIF documents produced in *Hillmann* did in fact have Dillard's name on the lists, and that the documents had been altered in the *Hillmann* case with Hennessy's knowledge, even though she had previously signed an affidavit stating Dillard's name would not appear on July 2002 RIF lists because Dillard had been laid off in May of 2002. *See* Doc. entry # 96 at ¶10.

Based upon the above information it appeared reasonable and necessary to videotape Hennessy's second deposition. Just as the prevailing party in *Top Tobacco* could have used the video recording of Levin's deposition to eviscerate him before a

jury, the Plaintiff in this case could have used Hennessy's video recorded deposition to eviscerate Hennessy before a jury. This is particularly true because of Hennessy's status as a sworn officer of the court, and this Court's finding that she was repeatedly impeached. Plaintiff intended to emphasize Hennessy's status as a licensed attorney sworn to uphold the law and provide candor to the tribunal. As in *Top Tobacco*, the judge in this case also determined that Hennessy's testimony was not credible. *See Hillmann* Doc. Entry # 539 at 53, 66. The situation presented with Hennessy's video recorded deposition is much more serious than simple impeachment. As a result, this court should look to the ruling in *Top Tobacco* and grant Plaintiff's costs for both the video recording and stenographic transcription of Hennessy's deposition.

### C. All Photocopying Copying Costs were Reasonably Necessary and Recoverable

The City in its Response <u>did not object to any</u> of Plaintiff's photocopying costs in his Bill of Costs. District Courts, however, often take an independent review of the Bill of Costs to determine whether they comply with Rule 54(d). *See Farley v. Andrews*, 2008 WL 961592 * 2 (N.D. Ill.2008). Accordingly, Plaintiff further explains that all of his photocopying costs were reasonably and necessary. Rule 54(4) allows a judge to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. *See Kulumani v. Blue Cross Blue*

*Shield Ass'n*, 224 F.3d 681, 685 (7th Cir.2000); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990). The prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recovery impossible. *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble,* 924 F.2d *Co. v. Proctor & Gamble,* 924 F.2d 633, 643 (7th Cir.1991).

For example, in this case, Plaintiff submitted a Bill of Costs for photocopying documents, depositions and pleadings in *Dillard v. City of Chicago*, 03-cv-0594. While the City did not object, Plaintiff explains that the photocopying was necessary and reasonable because Shirley Dillard's position in Streets & Sanitation was eliminated in the same 2002 RIF and the City produced different RIF documents to Hillmann than the documents produced to *Dillard*. Moreover, Dillard deposed many of the same witnesses, as did Plaintiff. *See* Ex. B, C. Accordingly, the photocopying of the depositions and documents in *Dillard* was necessary and proper, as was all photocopying in this case.

## CONCLUSION

WHEREFORE, the Plaintiff, ROBERT P. HILLMANN, respectfully requests this Court tax the costs enumerated in his Bill of Costs, as supplemented by this Reply, in the total amount of $75,446.26 against the Defendant, CITY OF CHICAGO.

Respectfully submitted,


/s/ Elizabeth A. Knight
Elizabeth A. Knight, (#31218-12)
One of the Attorneys for Plaintiff,
ROBERT P. HILLMANN


KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Attorney for Plaintiff
5600 N. River Road, Suite 600
Rosemont, IL  60018
PH:  847-261-0700
Fax:  847-261-0714
Email:  Eknight@khkklaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on November 10, 2014, the foregoing **PLAINTIFF'S MEMORANDUM IN SUPPORT OF BILL OF COSTS** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

Deja C. Nave, dnave@cityofchicago.org
Valerie Depies Harper, vharper@cityofchicago.org
Byron Doyle Knight, bknight@khkklaw.com
Elizabeth Ann Knight, eknight@khkklaw.com
Melanie Patrick Neely, mneely@cityofchicago.org
Brian M. Ozog, eastonlaw@aol.com
Raymond P. Garza, raygarza@raygarzalaw.com
Cynthia Louise Giacchetti, cgiacchett@aol.com
Kathryn Margaret Reidy, kathyreidy@gmail.com
Jeanne M. Anderson, janderson@khkklaw.com

/s/ Elizabeth A. Knight
Elizabeth A. Knight, (#31218-12)

8847 Reply in Support of Bill of Costs 14-10-30