UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT HILLMANN, | ) | |
| Plaintiff, | ) | 04 C 6671 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| CITY OF CHICAGO, | ) | |
| Defendant. | ) | |

**DEFENDANT CITY OF CHICAGO'S MEMORANDUM
IN SUPPORT OF ITS BILL OF COSTS**

Pursuant to Fed. R. Civ. P. 54(d), Local Rule 54.1, and 28 U.S.C. §1920, Defendant City

of Chicago ("the City") submits this memorandum in support of its Bill of Costs.

**INTRODUCTION**

Following a jury re-trial and post-trial motions filed by both parties, this Court entered

judgment on September 4, 2014 on the jury verdict in favor of Plaintiff on his workers'

compensation retaliation claim in the reduced amount of $1,600,000.000.  The remaining claims

of ADA discrimination and retaliation were decided in favor of the City.  Order of Judgment,

Memorandum Opinion and Order (Document Nos. 546, 547, attached hereto as Exhibit A).  On

appeal to the United States Court of Appeals for the Seventh Circuit and following oral

argument, the Seventh Circuit issued final judgment for the City on the Illinois Workers'

Compensation Act ("IWCA") retaliatory discharge claim and issued its mandate on October 25,

2016 reversing and remanding this case to the district court with instructions to vacate the

$1,600,000.00 verdict in favor of Plaintiff and enter judgment for the City on the IWCA

retaliatory discharge claim and affirm judgment in favor of the City on all other

claims.  (USCA Nos. 14-3438, 14-3494, Document Nos. 69, 75-2, attached as Exhibit B).

Federal Rule of Civil Procedure 54(d), Local Rule 54.1, and 28 U.S.C. §1920 entitle the

City, as the prevailing party, to recover the costs that were reasonably and necessarily expended

in defending itself against Plaintiff's claims.  Accordingly, the City seeks a total award of

$27,022.28 in costs.

**STANDARD FOR AWARDING COSTS**

To defend this case, the City incurred certain costs, as set forth in Defendant's

Itemization for Its Bill of Costs ("Itemization").  See Itemization and Supporting Documents,

attached as Group Exhibit C; see also Affidavit of Melanie Patrick Neely, attached as Exhibit D.

Federal Rule of Civil Procedure 54(d) provides that "unless a federal statute, these rules, or a

court order provides otherwise, costs - other than attorney's fees - should be allowed to the

prevailing party."  Fed. R. Civ. P. 54(d); see also Local Rule 54.1.  The costs recoverable under

Rule 54(d) include: (1) fees of the clerk; (2) fees of the court reporter for all or any part of the

stenographic transcripts necessarily obtained for use in the case; (3) fees and disbursements for

printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for

use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters.

28 U.S.C. §1920; see Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir.

1997) (noting that 28 U.S.C. §1920 defines "costs" under Rule 54(d)).

"There is a presumption that the prevailing party will recover costs, and the losing party

bears the burden of an affirmative showing that taxed costs are not appropriate."  Beamon v.

Marshall & Ilsley Trust Co., 411 F.3d 854, 864 (7th Cir. 2005); see also Rivera v. City of

Chicago, 469 F.3d 631, 634 (7th Cir. 2006).  "The presumption in favor of awarding costs to the

prevailing party is difficult to overcome, and the district court's discretion is narrowly confined –

the court must award costs unless it states good reasons for denying them."  Weeks, 126 F.3d at

945.  When reviewing a bill of costs, "a district court simply needs to determine that expenses are allowable cost items, and that the amounts are reasonable and necessary."  Deimer v. Cincinnati Sub-Zero Prod., Inc., 58 F.3d 341, 345 (7th Cir. 1995).

**ARGUMENT**

The City seeks to recover costs related to filing fees, photocopying and exemplification, depositions and transcripts, service of process, and witness fees, as specifically set forth in the attached Itemization.  The City is entitled to recover the full amount of these costs because they were reasonable and necessary to its defense against Plaintiff's claims, which were ultimately tried twice.

**I.     Photocopying Costs**

*In-House Copying Costs*

The City claims $1,308.90 in photocopying costs.  This amount is for in-house copying expenses incurred in reproducing the following categories of documents:  (1) pleadings and other documents filed with this Court; (2) discovery requests and responses; (3) pre-trial and post-trial motions; and (4) trial exhibits.  See Group Exh. C, pps. 9-23.  All of these costs are recoverable under 28 U.S.C. § 1920(4) because they were reasonable and necessary to the City's defense of this case.  See Exh. D.

Section 1920 allows the court to tax as costs "fees for exemplification and copies of papers necessarily obtained for use in the case."  28 U.S.C. §1920(4); Weeks, 126 F.3d at 945. Indeed, the Court has found that a prevailing party may recover the costs of exemplification reasonably necessary for use in the case.  Harris N.A. v. USA, No. 07 C 1847, 2009 WL 2009060  at *3 (N.D. Ill. April 29, 2009), attached as Exhibit E.  Section 1920(4) includes

amounts spent copying documents produced in discovery, and pleadings and exhibits submitted to the district court.  See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1410 (7th Cir. 1991); see also Independence Tube Corp. v. Copperweld Corp., 543 F.Supp. 706, 722 (N.D. Ill. 1982) (finding that photocopying charges attributable to discovery are "reasonably necessary for use in the case" and can be awarded) (internal quotation marks omitted); Kulumani v. Blue Cross Blue Shield Ass'n., 224 F.3d 681, 685 (7th Cir. 2000) (generally, a party may recover the costs associated with the production of discovery documents).  The documents of which copies were made need not be necessarily used in summary judgment motions or at trial in order for the cost of making copies to be recoverable.  M. T. Bonk, 945 F.2d at 1410; see also Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 455 (7th Cir. 1998).

The City is seeking a reasonable copy rate of $0.15 per page for in-house copying.  See e.g. Lewis v. City of Chicago, No. 04 C 6050, 2012 WL 6720411, at *9 (N.D. Ill. Dec. 21, 2012)(Castillo, J.)(in-house copying fees between $.10 and $.20 are reasonable); see also Harkins v. Riverboat Servs., Inc., 286 F. Supp. 976, 982 (N.D. Ill. 2003)(same); Figueroa v. City of Chicago, No. 97 C 8861, 2000 WL 1036019, at *2 (N.D. Ill. July 20, 2000)(Conlon, J.)(same), attached as Group Exhibit F.  The City is seeking the costs of two copies prior to the mandatory electronic filing in November 2005 and one copy thereafter, which is less than allowable number.
Lewis, 2012 WL 6720411, at *9 (finding that two copies of documents filed electronically are recoverable).

The cost for copying the City's trial exhibits for the two jury trials was reasonable and necessary.  In addition to the district court judges (Hibbler and Castillo) and opposing counsel,

each of the eight jurors was provided with a copy of the trial exhibits used at trial. Because the exhibits were an essential aid in understanding the issues in the case, the copying costs of the trial exhibits should be recoverable. Nilssen v. Osram Sylvania, Inc., No. 01 C 3585, 2007 WL 257711, at *3 (N.D. Ill. Jan. 23, 2007)(citing Cefalu v. Village of Elk Grove, 211 F.3d 416, 428 (7th Cir. 2000)(Darrah, J.), attached as Exhibit G.

### Outside Copying Costs

The City is seeking $133.36 in costs incurred for outside copying services, which were billed by Aloha Document Services and Med Legal. See 28 U.S.C. § 1920(3); Group Exh. C, p. 8. The Illinois Department of Human Rights ("IDHR") file and copies of Plaintiff's medical records from Mercy Hospital were necessary for the defense of Plaintiff's ADA and IWCA retaliatory discharge claims. Specifically, Plaintiff's IDHR files was disclosed by Plaintiff in discovery and was necessary in evaluating the timeliness and scope of Plaintiff's charge(s) of discrimination and underlying claims in preparing the City's motion to dismiss and motion for summary judgment. Additionally, Plaintiff's medical records were necessary to evaluate the extent of his claimed medical condition, which he placed at issue through his ADA discrimination and retaliation claims. See Dishman v. Cleary, 279 F.R.D. 460, 465 (N.D. Ill. 2012) (copy fees paid to hospital for medical records were "recoverable as costs for records which were reasonably necessary at trial."). Photocopying documents that were identified by Plaintiff in discovery and necessary to defend Plaintiff's claims is reasonable and recoverable. Correa v. Ill. Dept. Of Corrections, No. 05 C 3791, 2008 WL 299078, at *1 (N.D. Ill. Jan. 29, 2008)(Darrah, J.), attached as Exhibit H. The City was billed accordingly for the costs associated with copying Plaintiff's IDHR file and medical records, which totaled $133.36.

## II. Deposition and Court Transcript Costs

The City seeks deposition and court transcript costs totaling $23,797.73, which were reasonable and necessary in the defense of this case. See Group Exh. C, pps. 1-7. Courts may award costs, including the costs of transcripts, pursuant to 28 U.S.C. §1920(2). See Cengr, 135 F.3d at 454 (citing Weeks, 126 F.3d at 945).

### Deposition Transcript and Appearance Fees

A deposition need not be used in a summary judgment motion or at trial in order for the court to find that it was necessary to take the deposition. Id. at 455. "The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken." M.T. Bonk, 945 F.2d at 1410 (necessity is viewed in light of the facts known at the time of deposition); see also Lewis, 2012 WL 6720411, at *5. In addition, the Seventh Circuit has upheld the discretion of trial judges to award court reporter deposition appearance fees as taxable costs, as long as the fee is reasonable. Held v. Held, 137 F.3d 998, 1001 (7th Cir. 1998); Finchum v. Ford Motor Co., 57 F.3d 526, 534 (7th Cir. 1995) (upholding court reporter's per diem charges as taxable costs).

Here, the deposition transcript costs for which the City seeks to recover were reasonably necessary at the time defense counsel took or defended them. The City deposed Plaintiff on three separate dates due to the scope of his claims, scheduling constraints, and amendments to his complaint and production of additional supporting documents in discovery after the initial deposition was taken. The City also deposed Dr. Michael Gonzales and Dr. Damon Arnold, both of whom Plaintiff identified as treating physicians with knowledge of his claimed medical condition and work-related injury. The City deposed Plaintiff's expert witness, Dr. Lawrence

DeBrock, on two separate occasions.  Initially, he was deposed during the litigation of the case to obtain his expert opinion in preparation for trial.  The second time Dr. DeBrock was deposed in preparation for the second trial after this Court allowed his expert testimony based on his disclosure as a Rule 26 expert with more particularized knowledge of Plaintiff's economic damages.  Plaintiff deposed Catharine Hennessy, Deputy Commissioner William Bresnahan, Worker's Compensation Director Robert Serafin, Former Commissioner Glenn Carr, Peter Peso, Russell Carlson, Wiley Krapf, Patrick Slattery, James Heffernan, Hugh Donlan, A. Russell Baggett, Gualberto Lopez, Jr., and Steve Morales, each of whom was identified in discovery as individuals with knowledge of Plaintiff's claims or the City's defenses.  Plaintiff also deposed Brian Murphy in preparation for the second trial.  The City used the deposition transcripts in preparing its motion for summary judgment and supporting statement of material facts and in replying to Plaintiff's response to the motion for summary judgment and additional facts, as well as in preparing for the trial and re-trial in this matter.

 The City also seeks to recover the court reporter deposition appearance fees of only those depositions it scheduled  - Plaintiff, Dr. Damon Arnold, Dr. Lawrence DeBrock, John Sullivan,  Jack Drumgould, and Dr. Michael Gonzales. See Group Exh. C, pps. 2-5; See  Lewis, 2012 WL 6720411, at *9.

### *Trial Transcript Costs*

The trial transcript costs, including the expedited and daily fees, the City seeks to recover are consistent with the amounts allowed for depositions by the Judicial Conference of the United States. See Local Rule 54.1 (stating that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States");

United States District Court, Northern District of Illinois, Maximum Transcript Costs, Ordinary

Transcript, http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm.  With

respect to the trial transcripts, the expedited and daily trial transcript costs taxed to the City by

the court reporting service were reasonable and necessary in preparing trial motions, direct and

closing arguments, and extensive pre-trial and post-trial motion briefing for two separate trials.

Id., pps. 6-7. Given the length and complex nature of the two trials at issue, as well as the

contested legal issues that required pre-trial motion practice, the daily transcripts were necessary.

See Lewis, 2012 WL 6720411, at *7.  Additionally, the City submitted proposed findings of fact

and conclusions of law for this Court to render a judgment on the ADA retaliation claim, which

required expedited trial transcripts.  (Doc. No. 521) Furthermore, Plaintiff's expert witness was

re-deposed based on his newly disclosed expert witness opinion and testified accordingly in the

second trial, which required the City to order expedited and daily transcripts to prepare for his

trial testimony and its closing argument.  For each of these reasons in accordance with the

applicable factors set forth in Lewis, the Court should award the City $23,797.73 in deposition

and trial transcript costs.

### III.    Witness Fees and Subpoena Costs

The City seeks to recover $1632.29 for witness fees and subpoena costs, including

process server fees ($776.70), witness appearance fees ($147.60), expert witness travel expenses

($662.99), and subpoena fees ($45.00).  See Exh. C, p. 8.  "Fees for witnesses are recoverable

under 28 U.S.C. § 1920(3)."  See 28 U.S.C. § 1920(3).  Pursuant to 28 U.S.C. § 1821(b), "a

witness shall be paid an attendance fee of $40.00 per day for each day's attendance."  Prevailing

parties may "recover service costs that do not exceed the marshal's fees, no matter who actually

effected service." Collins v. Gorman, 96 F.3d 1057, 1060 (7th Cir. 1996).

The City seeks the process server costs of serving six subpoenas, including two out of state subpoenas on Dr. Gonzales to appear in Fargo, North Dakota for deposition in this matter. With respect to Dr. Gonzales, the process server fees were established based on service in Fargo, North Dakota. With respect to Dr. DeBrock, his deposition subpoena was served out of the area by local process servers in Champaign, Illinois. The other three subpoenas (Dr. Arnold, John Sullivan, and Bart Vittori) were served locally by the City's in-house investigators. As with in-house copying, the City should be entitled to charge a reasonable rate when it uses its own investigators to serve subpoenas. Collins, 96 F.3d at 1060. At the time of service in 2006, the United States Marshals charged $45.00 per hour (or portion thereof) for each item served by the U.S. Marshal, plus travel and other expenses. See Revision to U.S. Marshals Serv. Fees for Servs., 73 Fed.Reg. 69552, 69553 (Nov. 19, 2008)(outlining the 2000 rates that remained in effect until 2008).

The City is also seeking the costs for travel expenses for Paul White ("White"), the City's retained expert witness. Plaintiff subpoenaed White for deposition on June 14, 2007. In order to be present for his deposition, White was required to travel from his residence in Washington, DC to Chicago, IL, and the City paid for his airfare and lodging, including a reasonable daily expense for meals in accordance with the applicable rules. Non-party witnesses and normal travel expenses are taxable pursuant to Section 1920(3) and L.R. 54.1. See 28 U.S.C. §§ 1821(b), 1920(3), and L.R. 54.1. The City is, therefore, entitled to recover $662.99, the costs it was taxed for White's travel expenditures. See Nilssen, 2007 WL 257711, at *4 (granting expert witness fees for travel expenses).

The City is also seeking the subpoena costs for Plaintiff's medical records. Plaintiff placed his health at issue when he sought damages from the City for alleged discrimination based on his medical condition and work-related injury. Therefore, to defend against Plaintiff's claims, the City served subpoenas on the Illinois Bone and Joint Institute, Ltd., and MRI of River North seeking Plaintiff's medical records. The City paid the subpoena costs associated with obtaining the records, which totaled $45.00.

## CONCLUSION

**WHEREFORE**, The City seeks to be reimbursed in accordance with Fed. R. Civ. P. 54(d), Local Rule 54.1 and 28 U.S.C. § 1920, for the reasonable and necessary costs incurred in the defense of Plaintiff's unsuccessful complaint against them. The City respectfully requests that the costs set forth in its Bill of Costs and Itemization totaling the amount of $27,022.28 be taxed to Plaintiff.

**DATED: November 25, 2016**

Respectfully submitted,

STEPHEN R. PATTON
Corporation Counsel of the City of Chicago

By:  s/ *Melanie Patrick Neely*
MELANIE PATRICK NEELY
Assistant Corporation Counsel

Employment Litigation Division
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-5453

10