IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT P. HILLMANN,

      Plaintiff,

    v.          No.: 04 C 06671

CITY OF CHICAGO,       Chief Judge Ruben Castillo

      Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE CITY'S BILL OF COSTS**

  Plaintiff, Robert P. Hillmann, submits this response in opposition to the City of Chicago's Bill of Costs.

## INTRODUCTION

  On October 25, 2016, the mandate from the Court of Appeals issued. R. App. 75-2. Federal Rule of Civil Procedure 54(d), Local Rule 54.1, and 28 US.C. §1920 entitles the prevailing party to recover costs that were reasonable and necessary to the litigation. *Little v. Mitsubishi Motors N. Am.*, 514 F.3d 699, 702 (7th Cir. 2008). "Although there is a strong presumption that the prevailing party will recover costs, *Park v. City of Chi.,* 297 F.3d 606, 617 (7th Cir.2002), the 'party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable.'" *Lewis v. City of Chicago*, 2012 WL 6720411 *1 (N.D.Ill.), quoting, *Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.,* 570

F.3d 890, 906 (7th Cir.2009); *Telular Corp. v. Mentor Graphics Corp.,* No. 01–431, 2006 WL 1722375, at *1 (N.D.Ill. June 16, 2006) ("The prevailing party bears the burden of demonstrating the amount of its recoverable costs because the prevailing party knows, for example, how much it paid for copying and for what purpose the copies were used."). The City seeks $27,023.03 in total costs. Many of these costs exceed the allowable rate or were not necessarily incurred and reasonable. For the reasons listed below, Plaintiff respectfully requests that this Court reduce the City's Bill of Costs to $18,358.95, at most. *See* Ex. A (spreadsheet comparing City's costs with proposed allowable costs).

### A. Deposition Transcripts

Deposition transcript costs must be taxed in accordance with the rates allowed by the Judicial Conference of the United States Courts pursuant to 28 U.S.C. § 1783. *See also* Local Rule 54.1. For the years 2005 and 2006, the Judicial Conference established a rate of $3.30 per page for an original transcript, $4.40 per page for expedited copy, and $ 0.83 per page for the first copy of a deposition transcript. *See Trading Technologies Intern., Inc., v. eSpeed, Inc.*, 750 F.R.D. 962, 975 n.7 (N.D.Ill. 2010). The City has requested $0.90 per page for the first copy of deposition transcripts taken during the years of 2005 and 2006. This cost should be reduced to the allowable rate of $0.83 per page for the years 2005 and 2006. *See* Ex. A at 1-2 (spreadsheet). Plaintiff also requests that the court reporter attendance fees for depositions taken on the following dates: 10/6/05, 5/10/06, 10/18/12 and 11/13/12 be reduced to the allowable $220 rate for a full-day court reporter

attendance fee and $110 for a half-day reporter attendance fee, instead of the higher rates the City seeks. *See Wilson v. Career Education Corp.*, 2016 WL 1719770 at *3 (N.D.Ill.). *See also* Ex. A at 1-2 (spreadsheet).

The City requests costs for deposition exhibits. Courts have declined this cost when the defendant fails to establish why copies of exhibits were necessary or fails to prove that it did not already have a copy of the exhibit. *See Lewis*, 2012 WL 6720411 at *7; *Fait v. Hummel*, 2002 WL 31433424 at *2 (N.D. Ill.) (costs associated with deposition exhibits denied, unless the costs are essential to understanding an issue in the case). The City has provided no basis to establish copies of exhibits were necessary.

The City also seeks costs for deposition transcript delivery, computer-based CDROM fees and signature procurement. Courts, however, have denied transcript delivery fees, or the computer-based CDROM costs that the City seeks. *See e.g., Correa v. Illinois Dept. of Corrections*, 2008 WL 299078 at *2 (N.D.Ill.) (delivery costs ordinary business expense, not allowed); *Glenayre Electronics, Inc., v. Jackson*, 2003 WL 21947112 at *2 (N.D.Ill.) (computer-based deposition transcripts not allowed). Courts have also denied costs associated with signature procurement, when the party fails to establish that the costs were reasonable and necessary, rather than just convenient. *Fait*, 2002 WL 31433424 at *2 (costs associated with signature procurement denied). Similarly, costs for teleconferencing fees for depositions have been denied. *Mihailovich v. Laatsch*, 2002 WL 91897 at *4 (N.D.Ill.) (telephone charges for a deposition conducted by phone are not recoverable

3

costs), citing *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir.1975). Accordingly, Plaintiff submits the City is not entitled to costs for CDROMs, signature procurement, copies of exhibits, delivery charges, or teleconferencing fees associated with depositions and requests that the bill of costs for these fees be denied.

### B. Trial Transcripts and Report of Proceedings

The City seeks costs for 14-day, expedited, and daily rates for transcripts from Report of Proceedings it ordered on the following dates: 4/11/06, 11/30/06, 10/9/08, 6/9/11, 6/29/11, 7/31/12, 3/18/13, 8/28/12, 4/2/13, 4/3/13. *See* Ex. A at 2-3 (spreadsheet). The City failed to establish any reason why it needed to order any transcripts from any report of proceedings or court hearings or why 14-day, expedited or daily delivery of transcripts were necessary and reasonable in defense of this case, and not just mere convenience for the attorneys. In *Pietrowski v. Menard, Inc.*, 2016 WL 7157353 at *3 (N.D.Ill.), the court denied a request for the cost of obtaining a transcription from a court hearing because the defendant did not meet its burden to establish why transcribing the hearing was reasonably necessary to the litigation. Accordingly, Plaintiff objects to the bill of costs for transcripts from report of proceedings or court hearings where the City did not explain why transcripts, instead of careful notes, were necessary for any of the above dates.

Plaintiff also objects to the 14-day, expedited and daily rates requested in the bill of costs for the above dates because the City failed to explain why ordinary copies were not sufficient. *See Fait,* 2002 WL 31433424 at *2 (court denied costs for

4

daily and expedited transcripts where the defendant failed to provide any explanation why ordinary copies were insufficient). Accordingly, Plaintiff requests that costs for *non-trial* appearances be denied or, alternatively, that the rate be reduced to ordinary cost at $3.30 per page for the year 2006 and $3.65 for the years after 2007 in which it was necessary and reasonable for the City to order transcripts from report of proceedings or court hearings.

The City also seeks costs at the daily rate for trial transcripts it ordered, along with duplicate copy of the trial transcript. *See* R. 603-4 at 7. In *Lewis*, this Court declined to award the City costs for daily trial transcripts:

> The trial in this case [8 days] was straightforward and was neither complex nor relatively long, and the City does not contend otherwise. The City did not need daily transcripts to allow it to conduct effective direct and cross-examinations or to prepare for closings arguments as the City suggests. The City could have prepared just as well by taking careful notes throughout the course of the trial, as nowhere does the City contend that the daily trial transcripts were necessary to minimize disagreement over witness testimony or that witness credibility was an important issue at trial. Considering these circumstances, the Court finds that the City's decision to request daily trial transcripts was more of a convenience and not a necessity. *See, e.g., Perry v. U.S. Dep't of Energy,* No. 05 C 3634, 2008 WL 161679, at *3 (N.D.Ill. Jan.14, 2008) (declining to award costs for daily trial transcripts where counsel could have relied on their notes and memories to prepare witness examinations and closing arguments). Accordingly, the Court declines to award the City the costs of the daily trial transcripts.

2012 WL 6720411 at *8. In this case, the trial lasted seven days and the City's defense was straightforward and not complex. Moreover, the filing of proposed findings of fact and conclusions of law and other post-trial motions did not

5

necessitate the City's request for daily trial transcripts. *See Allen v. City of Chicago*, 2016 WL 1070828 at *6 (N.D.Ill.) (court denied City's request for daily copy of trial transcript and instead applied 14-day rate because the court could have revised due date for proposed findings of fact). Accordingly, Plaintiff requests that this Court deny the City's costs for daily trial transcripts and instead apply the 14-day rate. *See id.*

Finally, the City's itemized bill of costs for the trial transcripts during the first trial exceeds the actual number of pages for the trial transcript. *See* Doc 603-4 at 6, Ex. C, City's Itemized Bill of Costs at 6. The first trial took place on the following dates: 6/14/11, 6/15/11, 6/16/11, 6/17/11, 6/20/11, 6/21/11 and 6/22/11. The entire trial transcript consisted of 1032 pages, however the City's itemized bill of costs charges for transcripts on the above dates for a total of 1301 pages. Accordingly, Plaintiff requests that the City's bill of costs be denied for any trial transcript that exceeds the actual number of pages. *Allen,* 2016 WL 1070828 at *10 (court reduced city's costs because of unexplained discrepancy).

      C.    **Fees for Service of Process**

Fees for service of process are recoverable under 28 U.S.C. § 1920(1), but may not exceed the U.S. Marshals rate at the time process was served. *Collins v. Gorman,* 96 F.3d 1057, 1060 (7th Cir.1996). Service fees may not exceed amounts charged by the United States Marshal Service, which is $55.00 per hour. *See L.G. Electronics U.S.A., Inc. v. Whirlpool Corp.*, 2011 WL 5008425 at *1 (N.D.Ill.); *see also* 28 C.F.R. § 0.114(a) (3) (establishing fees for service of summons). The current

hourly rate of $55.00 went into effect on December 19, 2008; prior to that date, the service fee was $45.00. *See L.G. Electronics U.S.A., Inc.*, 2011 WL 5008425 at *1.

The City, however, requests service of process fees but does not provide enough information to support a full recovery. The invoices for service on Dr. Gonzales and Professor DeBrock do not contain any information to indicate the amount of time required to effectuate service or why service was required twice. For example, the City requests $135.00 for service on Dr. Gonzales on 3/16/06 and for service again on 5/5/06 at a rate of $222.00, which included a $40.00 witness fee. *See* Memo in Support of Bill of Costs, R. 603-4, Ex. C at 69-70. The invoices indicate that service was left with Dr. Gonzales' office manager but fails to indicate the necessary amount of time to effectuate service or why service was required twice. The City also requests $284.70 for service on Professor DeBrock. The invoice indicates the $284.70 service fee included a $45.00 witness fee but does not indicate the amount of time required to effectuate service. *See* Memo in Support of Bill of Costs, R. 603, Ex. C at 74-75.

Without information indicating how long it took to effectuate service of process this Court cannot assess the necessity and reasonableness of the City's service fees. *See, e.g. Trading Tech. Int'l, Inc. v. eSpeed, Inc.,* 750 F.Supp.2d 962, 984 (N.D.Ill.2010). Courts in these circumstances have awarded the minimum per witness rate charged for Marshals service ($45.00 for a single hour) for any service costs exceeding the minimum. *See Trading Technologies Intern., Inc.,* 750 F.R.D. at 984 (minimum charge of one hour of Marshal's service awarded where the

prevailing party did not state how long it took to accomplish service, or why rush service was necessary). Plaintiff requests that the service fee for Dr. Gonzales on 3/16/06 be denied because the City failed to explain why service was required twice. Plaintiff also requests that the service fee for 5/5/06 be reduced to $85.00 (witness fee $40.00 + $45.00 service fee); and that the service fee for Professor DeBrock of $287.00 be reduced to $100.00 (witness fee $45.00 + $55.00 service fee) because it conforms to the allowable rates during those years.

    D.    **Fees for Subpoenas & Witnesses**

The City seeks costs in the amount of $662.99 for air travel, hotel accommodation, meals and ground transportation for their expert's travel to Chicago for his deposition. *See* Defendant's Itemized Bill of Costs, R. 603-4, at 8. Counsel for Plaintiff, however, left the location, date and time blank on the notice of the economist's deposition sent to the City's attorney. *See* Notice of Deposition, attached as Ex. B. Moreover, correspondence, dated February 20, 2007, from counsel for Plaintiff specifically provided that the deposition of White could take place in Chicago <u>or by telephone</u>. *See* 2-27-2007 Letter, attached as Ex. C (emphasis added). The City attorney, however, elected to have their economist deposed at Corporation Counsel's office. *See* Correspondence dated 3-9-2007, and 3-23-07, attached as Ex. D.

In *M.T. McBrain, Inc. v. Liebert Corp.*, 173 F.R.D. 491, 493 (N.D.Ill.1997), the court held that the cost of an expert witness traveling from the state in which he resided to the state of the responding party's offices to attend the deposition was not

8

part of "reasonable fee" for time spent in responding to discovery that the party requesting the deposition was required to pay because the deposition occurred at the responding party's office as a convenience to that attorney:

> Generally speaking, the travel costs of attorneys to take a deposition of the opposing side expert are not recoverable except under extraordinary circumstances. *McClain v. Owens–Corning Fiberglas Co.*, 1996 WL 650524, 1996 U.S. Dist. Lexis 16579 (N.D.Ill.1996). Thus we find Liebert being asked to pay not only for their own travel costs to Chicago from St. Louis to depose Prohofsky, but also Prohofsky's costs in coming to Chicago from Minnesota, an expense it would not have incurred if Prohofsky had been deposed in Minnesota where he resides. Liebert's attorney could have just as easily taken Prohofsky's deposition in Minnesota, avoiding altogether the need for Prohofsky's claimed travel and lodging costs, Since McBrian elected to have Prohofsky's deposition take place in Chicago it should bear all costs associated with his travel and lodging.

Plaintiff should not be responsible for the travel, lodging, ground transportation or meals for the City's expert because counsel for Plaintiff specifically stated she was willing to depose White by telephone but the attorney for the City elected to have the deposition take place in Chicago.

Moreover, the City never called White to testify in either trial; and never submitted White's report to the Court or relied upon the expert report White prepared regarding Plaintiff's economic loss due to the firing. Indeed, throughout this litigation, the City asserted Plaintiff was only entitled to emotional distress damages due to the firing. The City effectively withdrew Paul White as an expert in this case and, therefore, the costs associated with White's travel should be denied because the City can assert no basis for claiming his opinion or testimony was

9

necessary or reasonable for the defense of this case, given the legal arguments the City made regarding damages. *See Mihailovich v. Laatsch*, 2002 WL 91897 at *3 (N.D.Ill.) (fees and expenses for witnesses withdrawn disallowed). Accordingly, the City should not be able to recover the travel costs for an expert witness to attend a deposition when they never called the expert or relied upon the expert's report. This is especially true because the deposition occurred in Chicago when counsel for Plaintiff was willing to conduct the deposition over the telephone.

E.   Photocopying Costs

The City seeks photocopying fees in this Court for 8726 pages. The City claims copying costs at a rate of $0.15 per page, for a total of $1,308.90. In *Lewis*, this Court held that the prevailing party knows the costs it paid for copying; and that rates between $.10 and $.15 are reasonable. 2012 WL 6720411 at *1, quoting *Telular Corp. v. Mentor Graphics Corp.,* No. 01–431, 2006 WL 1722375, at *1 (N.D.Ill.) ("The prevailing party bears the burden of demonstrating the amount of its recoverable costs because the prevailing party knows, for example, how much it paid for copying and for what purpose the copies were used."). In this case, the City seeks $0.15 per page for photocopying, but in *Allen v. City of Chicago*, 2016 WL 1070828 at *10 (N.D.Ill. March 16, 2016), the City requested $.10 per page for photocopying costs in their Bill of Costs. Given that *Allen* and this case covered some of the same time period the City has failed to explain why its copying costs in this case are $.15 per page. Accordingly, the City's request for copying costs should

be reduced. *See id.* at * 10 (court reduced city's total copying cost because of unexplained discrepancy).

**WHEREFORE**, Plaintiff, Robert P. Hillmann, respectfully requests that the Court reduce the City's Bill of Costs from $27,023.03 to $18,358.95, at most.

                                      Respectfully submitted,

                                      /s/Kathryn Reidy
                                      Kathryn Reidy (#6196660)

KATHRYN M. REIDY
Attorney for Plaintiff
P.O. Box 825
Bayview, ID 83803
312-720-6601

11

## CERTIFICATE OF SERVICE

The foregoing RESPONSE IN OPPOSITION TO THE CITY'S BILL OF COSTS has been electronically filed on January 27, 2017.

I certify that I have caused the foregoing RESPONSE IN OPPOSITION TO THE CITY'S BILL OF COSTS to be served on all counsel of record via CM/ECF electronic notice on January 27, 2017, which will send notification of such filing to the following:

- Patrick Edward Deady ped@hmbr.com
- Raymond P. Garza raygarza@raygarzalaw.com
- Melanie Patrick Neely mneely@cityofchicago.org
- Deja C. Nave dnave@cityofchicago.org
- Brian M. Ozog eastonlaw@aol.com, brian@carponelliandkrug.com
- Naomi Ann Avendano navendano@cityofchicago.org
- Limo T. Cherian limo.cherian@klgates.com
- Elizabeth Ann Knight eknight@khkklaw.com
- Valerie Depies Harper mcrawley1@ccc.edu, vharper2@ccc.edu
- Mara Stacy Georges mgeorges@cityofchicago.org
- Matthew James Cleveland mjc@hmbr.com
- Cynthia Louise Giacchetti cg@cgdefense.com
- Byron Doyle Knight bknight@khkklaw.com
- Stephen P. Carponelli eastonlaw@aol.com
- Jeanne M. Anderson janderson@khkklaw.com

/s/Kathryn Reidy_____
Kathryn Reidy